# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STACIA SHEPHERD | CIVIL ACTION |
| VERSUS | NO: 19-2322 |
| SECURITY NATIONAL INSURANCE COMPANY, HOME DEPOT U.S.A., INC. and DARRELL HALL | SECTION: T (3) |

## ORDER

Before the Court is a Motion for Summary Judgment[1] filed by Security National Company ("Security"). Stacia Shepherd ("Plaintiff") has filed an opposition.[2] For the following reasons, the Motion for Summary Judgment[3] is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of Plaintiff's claim for damages to her property located at 107 Mabel Drive, Madisonville, Louisiana ("Property") against Home Depot U.S.A., Inc. ("Home Depot") and Security. In April of 2018, Plaintiff utilized the Home Depot Pro Referral Program to find a contractor to perform renovation work on the Property.[4] Plaintiff alleges she was advised by Home Depot that they only referred fully licensed and insured home contractors.[5] Home Depot referred Plaintiff to contractor Darrell Hall, who went to the Property for a consultation and advised Plaintiff that he could perform all requested work in a timely manner and in accordance with all local and state building codes.[6] Plaintiff executed a contract with Mr. Hall, and Mr. Hall commenced work on May 4, 2018.

---

[1] R. Doc. 29.
[2] R. Doc. 34.
[3] R. Doc. 29.
[4] R. Doc. 7, ¶6.
[5] R. Doc. 7, ¶13.
[6] R. Doc. 7, ¶7.

1

On March 12, 2019, Plaintiff filed this suit alleging Mr. Hall's work extensively damaged the interior and exterior of the Property, including a concrete slab outside of the Property.[7] Plaintiff named Security as a defendant contending that Security provided Mr. Hall with a liability insurance policy, and that Security violated La. R.S. 22:1892 and 22:1973.[8] Security now moves for summary judgment asserting that the commercial general liability policy issued to Mr. Hall does not provide coverage for Plaintiff's claimed damages.[9]

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[11] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[12] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[13] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[14]

---

[7] R. Doc. 1, ¶8.
[8] R. Doc. 7.
[9] R. Doc. 29.
[10] Fed. R. Civ. P. 56(a).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[12] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[13] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[14] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).

Under Louisiana law, an insurance policy is a contract that must be construed using the general rules of contract interpretation set forth in the Civil Code.[15] The Court's role in interpreting contracts is to determine the common intent of the parties.[16] In determining common intent, pursuant to Civil Code article 2047, words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning.[17] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent,"[18] and the agreement must be enforced as written.[19]

Security provided coverage to Mr. Hall from July 20, 2017 until May 9, 2018. Mr. Hall began work on the Property on May 4, 2018. Security asserts that the policy does not apply if Mr. Hall damaged the property after May 9, 2018.[20] However, Plaintiff attests that Mr. Hall damaged the property prior to May 9, 2018.[21] Security also contends the policy does not cover repairs needed due to the insureds' own defective work or defective product.[22] Plaintiff agrees with Security on this point, but asserts that "coverage for damages to other property or for other accidental loss resulting from the defective condition of the work-product have been allowed, even though recovery for the injury to the work-product itself and consequential damages are excluded."[23] Security responds that the cases cited by Plaintiff interpret different insurance policies and are, therefore, distinguishable.[24]

---

[15] *See Cadwallader v. Allstate Ins. Co.*, 848 So.2d 577, 580 (La. 2003).
[16] La. Civ. Code art. 2045.
[17] *See Henry v. South Louisiana Sugars Co-op., Inc.*, 957 So.2d 1275, 1277 (La. 2007)(*citing Cadwallader*, 848 So.2d at 580).
[18] La. Civ. Code art. 2046.
[19] *Hebert v. Webre,* 982 So.2d 770, 773–74 (La. 2008).
[20] R. Doc. 29-1, p.7.
[21] R. Doc. 34-1.
[22] R. Doc. 29-1, p.8.
[23] R. Doc. 34, p.5 (*citing Parker v. Dubos Engine Co.,* 563 So. 2d 355, 360 (La. App. 3rd Cir. 1990)).
[24] R. Doc. 41.

In this case, the policy provides that the insurance does not apply to "[t]hat particular part of real property on which you … are performing operation, if the 'property damage' arises out of those operations" or "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it."[25] Security asserts it is clear that Plaintiff's claim for damages to the concrete slab and the interior and exterior of the Property fall under this exclusion.[26] However, Plaintiff claims that Mr. Hall was not contracted to work on the slab, great room flooring, or elevator as part of his renovation work and that the exclusion, therefore, does not apply to those damages.[27] There is no competent summary judgment evidence in the record to establish the specific terms of Mr. Hall's contractual relationship with Plaintiff. Additionally, the parties dispute when the damage occurred and the cause of the alleged damage. Therefore, the Court finds there are disputed material facts regarding whether the exclusion applies to Plaintiff's damages claim and whether the Property was damaged during the coverage period. Because there are disputed facts related to the application of the insurance policy, summary judgment is not appropriate on these issues.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment[28] is **DENIED**.

**New Orleans, Louisiana**, on this __4th__ day of February, 2020.

*[signature: Greg Gerard Guidry]*
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[25] R. Doc. 29-2, Certified Policy at Security 000030-31.
[26] R. Doc. 29-1, p.10.
[27] R. Doc. 34, p.8.
[28] R. Doc. 29.