# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STACIA SHEPHERD | CIVIL ACTION |
| VERSUS | NO: 19-2322 |
| SECURITY NATIONAL INSURANCE COMPANY, HOME DEPOT U.S.A., INC. and DARRELL HALL | SECTION: T (3) |

## ORDER

Before the Court is a Motion for Reconsideration[1] filed by Security National Insurance Company ("Security"). Security requests the Court reconsider its order denying Security's motion for summary judgment.[2] For the following reasons, the Motion for Reconsideration[3] is **DENIED**.

## BACKGROUND

This matter arises out of Plaintiff's claim for damages to her property located at 107 Mabel Drive, Madisonville, Louisiana ("Property") against Home Depot U.S.A., Inc. ("Home Depot") and Security. On February 5, 2020, the Court issued an order denying Security's motion for summary judgment finding that there are disputed facts related to the application of the insurance policy precluding summary judgment. Security has moved for reconsideration contending the Court should have granted partial summary judgment and held that Plaintiff cannot recover against Security for damages caused after the policy's expiration on May 9, 2018. Security further asserts the Court should have granted partial summary judgment holding that Plaintiff cannot recover from Security for alleged damage caused to anything but her slab, great room flooring, and

---

[1] R. Doc. 48.
[2] R. Doc. 46.
[3] R. Doc. 48.

1

elevator, i.e., the areas on which there is a factual dispute as to Hall's work. Finally, Security claims the Court should have granted summary judgment dismissing Plaintiff's bad faith claims.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes a district court to revise any order at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[4] Under Rule 54(b), the Court is "free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."[5] A motion for reconsideration "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[6] Such a motion "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[7] Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.[8]

In this case, Security's motion to reconsider rehashes the legal theories and arguments offered in Security's motion for summary judgment and available to Security before entry of the order. Security, again, asserts that the insurance policy does not apply to property damage that occurred after May 9, 2018. However, Plaintiff attested that Mr. Hall damaged the property prior to May 9, 2018.[9] Security also re-urges that the Court should have granted partial summary judgment dismissing Plaintiff's claims for damages for all areas of the home on which there is no

---

[4] *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).
[5] *Id.*
[6] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (*citations and internal quotation marks omitted*).
[7] *Lacoste v. Pilgrim Int'l*, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009).
[8] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[9] R. Doc. 34-1.

2

dispute that Hall performed work. Finally, Security, again, seeks dismissal of Plaintiff's bad faith claims. Because Security has failed to clearly establish either a manifest error of law or fact and has failed to present newly discovered evidence, Security has failed to establish grounds to support reconsideration of the Court's order on Security's motion for summary judgment.

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion to Reconsider (R. Doc. 48) is **DENIED**.

**New Orleans, Louisiana**, on this 6th day of April, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**